UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,                  **REPORT AND**
                                                                        **RECOMMENDATION**
           -against-                          CV 18-4642 (JS) (ARL)

EDWARD HANSEN and TIFFANY HANSEN,

                      Defendants.
-----------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned by District Judge Seybert for the purpose of issuing a report and recommendation with regard to the motion of the plaintiff, United States of America ("United States"), for a default judgment against the defendants, Edward Hansen and Tiffany Hansen ("the Hansens"). For the reasons set forth below, the undersigned respectfully recommends that a default judgment be denied with leave to renew.

## BACKGROUND

     **I.**     **Factual Background**

      The following facts are taken from the complaint and the papers submitted by the United States in support of the motion for default judgment. The Hansens are a couple who reside in Suffolk County, New York and file a joint tax return. Compl. ¶¶ 2-3. On June 22, 2009 and again on November 22, 2010, a delegate of the Secretary of the Treasury of the United States determined that the Hansens were indebted to the United States for the unpaid balance of their joint federal income taxes, for the calendar years 2008 and 2009, in the amount of $42,124.87. *Id.* ¶ 3. On or about the dates of those federal income tax assessments, a delegate of the Secretary of the Treasury gave notice to the Hansens of the tax assessments and demanded payment. *Id.* ¶ 4. Despite such notice and demand, the Hansens failed to pay the liabilities in

full and a federal tax lien arose pursuant to 26 U.S.C. §§ 6321 and 6322. *Id.* ¶ 5. In March 2019, Sean McLaughlin ("McLaughlin"), a Revenue Office with the Internal Revenue Service ("IRS"), accessed the IRS' Integrated Data Retrieval System and determined that $40,743.24 remained unpaid for the years 2008-2009 after taking into consideration the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals. McLaughlin Decl. ¶ 3.

Similarly, on May 30, 2011, June 3, 2013, August 11, 2014, June 8, 2015, November 21, 2016 and June 5, 2017, a delegate of the Secretary of the Treasury of the United States determined that the Hansens were indebted to the United States for the unpaid balance of their joint federal income taxes for the calendar years 2010 to 2016 in the amount of $201,414.76. Compl. ¶ 7. On or about the dates of those federal income tax assessments, a delegate of the Secretary of the Treasury also gave notice of the tax assessments to the Hansens and demanded payment. *Id.* ¶ 8. Despite such notice and demand, the Hansens once again failed to pay the liabilities in full and an additional federal tax lien arose pursuant to 26 U.S.C. §§ 6321 and 6322. *Id.* ¶ 9. In March 2019, McLaughlin accessed the IRS' Integrated Data Retrieval System and determined that $211,802.96 remained unpaid for the years 2010-2016 after taking into consideration the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals. McLaughlin Decl. ¶ 4.

Finally, on August 18, 2008, August 30, 2010 and September 5, 2011, a delegate of the Secretary of the Treasury of the United States made an assessment against Edward Hansen for trust fund recovery penalties and determined that he was indebted to the United States for his willful failure to withhold, account for, and pay the withholding taxes of County Building, Inc. for periods prior to 2008 and of County Erectors, Inc. for periods after 2007 in the total amount of $623,651.28. Compl. ¶ 11. On or about the dates of those three federal income tax

2

assessments, a delegate of the Secretary of the Treasury gave notice of the tax assessments to Edward Hansen and demanded payment from him.  *Id*. ¶ 12.  Despite such notice and demand, Mr. Hansen failed to pay the liabilities in full and an additional federal tax lien arose pursuant to 26 U.S.C. §§ 6321 and 6322.  *Id.* ¶ 13.  In March 2019, McLaughlin accessed the IRS' Integrated Data Retrieval System and determined that $649,298.80 remained unpaid by Mr. Hansen for trust fund recovery penalties for the years 2005-2010 after taking into consideration the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals.  McLaughlin Decl. ¶ 5.

### II.     Procedural Background

The  United States commenced this action on August 16, 2018, pursuant to 26 U.S.C. §§ 7401 and 7402, to recover the unpaid tax liabilities from the Hansens.  ECF No. 1.   The Hansens have not filed an answer nor responded in any way to the complaint.  On February 25, 2019, the Clerk of the Court entered a certificate of default against Edward Hansen and Tiffany Hansen.  ECF No. 10.  On April 10, 2019, the United States filed the instant motion for a default judgment.  ECF No. 11.  That motion was referred to the undersigned on October 8, 2019.

## DISCUSSION

### I.      Legal Standard Governing Default Judgments

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments.  First, the Clerk of the Court enters the party's default.  Then, as here, a motion for a default judgment is made to the district court judge.  A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992); see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp*., No. 06-CV-1878, 2007 WL 2891016, at \*2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's

3

complaint pertaining to liability are deemed true").  However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims.  *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

**II.     Liability**

The undersigned is required to consider three factors for the entry of a default judgment under the circumstances of this case – the defendants' willfulness, whether they have a meritorious defense and the prejudice to the non-defaulting party if the motion were denied.  As to the first factor, that being the Hansen's willfulness, the Hansens have failed to appear, to respond to the complaint or to respond to the motion for a default judgment.  *See S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998) (unexplained failure to respond to complaint indicates willfulness).  However, according to the affidavits of service filed with the Clerk of the Court, counsel for the United States sent a copy of the complaint and a form for waiver of the service of summons to an attorney who was allegedly representing the Hansens at the time.  Yet, no one filed a notice of appearance on behalf of the Hansens and counsel for the Untied States

4

did not identify the attorney who contacted him.  Nevertheless, the Hansens appear to have received and signed the waivers.  But, the address on the waivers do not match the address used by plaintiff's counsel for service of the motion for a default judgment.  Nor has counsel explained why he chose to serve the Hansens with the motion at a different address.  Accordingly, without more information, the undersigned is unable to determine if the Hansens conduct was willful and recommends that the motion be denied at this time.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below.  Counsel for plaintiff shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court.  Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service.  Failure to file objections within this period waives the right to appeal the District Court's Order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        January 7, 2020                                   _____/s/_____
                                                         ARLENE R. LINDSAY
                                                         United States Magistrate Judge

5