UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,         MEMORANDUM AND ORDER
                                        18-CV-4642(JS)(ARL)
    -against-

EDWARD HANSEN and TIFFANY HANSEN,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Steven M. Dean, Esq.
                   U.S. Department of Justice, Tax Division
                   P.O. Box 55 Ben Franklin Station
                   Washington, DC 20044

For Defendants:    No appearance.

SEYBERT, District Judge:

        On January 7, 2020, Magistrate Judge Arlene R. Lindsay issued a Report and Recommendation (R&R, D.E. 14) recommending that the Court deny, with leave to renew, the United States of America's ("Plaintiff") motion for an entry of a default judgment (the "First Default Motion," D.E. 11) against Edward Hansen and Tiffany Hansen (collectively, "Defendants"). Judge Lindsay could not determine whether Defendants' "conduct was willful" because Plaintiff served Defendants with a copy of its motion at a different address than the address Defendants indicated on a form waiver of the service of summons. (R&R at 4-5.) On January 15, 2020, Plaintiff filed a renewed motion for default judgment against Defendants (the "Renewed Motion"). (Renewed

Mot., D.E. 17.) For the following reasons, Plaintiff's Renewed Motion is GRANTED, and the First Default Motion is DENIED as MOOT, and Judge Lindsay's R&R is TERMINATED.

PROCEDURAL HISTORY

On August 16, 2018, the Plaintiff commenced this action against Defendants seeking to recover unpaid federal tax liabilities. (See Compl., D.E. 1.) On August 17, 2018, the Clerk of the Court issued the Summons and Complaint to both Defendants at 21 Major Trescott Lane, Fort Salonga, New York. (Edward Hansen Clerk's Summons, D.E. 4; Tiffany Hansen Clerk's Summons, D.E. 5.) On October 30, 2018, Defendants signed a "Waiver of the Service of Summons," wherein they indicated that they received a copy of the Complaint, among other things, and listed 21 Major Trescott Lane, Northport, New York as their address (the "Waiver Address"). (Edward Hansen Waiver Form, D.E. 6; Tiffany Hansen Waiver Form, D.E. 7.) Defendants did not respond to the Complaint and on February 25, 2019, the Clerk of the Court noted Defendants' default. (Clerk's Entry of Default, D.E. 10.)

On April 1, 2019, Plaintiff filed the First Default Motion. (See First Default Mot.) On April 2, 019, Plaintiff served Defendants with a copy of the First Default Motion at an address different than the Waiver Address. (Apr. 2, 2019 Cert. Serv., D.E. 12.) On April 4, 2019, Plaintiff filed a supplemental certificate of service indicating that the First Default Motion

was served on Defendant Tiffany Hansen at the Waiver Address. (Suppl. Cert. Serv., D.E. 13.)

On October 8, 2019, the undersigned referred the First Default Motion to Judge Lindsay for a report and recommendation. (Oct. 8, 2019 Elec. Order.) On January 7, 2020, Judge Lindsay issued her R&R recommending that the Court deny the First Default Motion. (See R&R at 4-5.) Specifically, Judge Lindsay recommended that the Court deny the motion because it was served to Defendants at an address different than the Waiver Address and therefore Judge Lindsay could not determine whether Defendants' "conduct was willful." (R&R at 5.) On January 13, 2020, Plaintiff served a copy of the R&R on Defendants at the Waiver Address (R&R Certs. Serv., D.E. 15 and 16) and on January 15, 2020, Plaintiff filed the Renewed Motion (D.E. 17). Plaintiff submitted a certificate of service indicating that, on January 15, 2020, it served the Renewed Motion on Defendants at the Waiver Address.[1] (Renewed Cert. Serv., D.E. 17-5.)

BACKGROUND

Plaintiff alleges that on or about June 22, 2009 and November 22, 2010, the Secretary of the Treasury of the United States gave proper notice to Defendants that they were indebted to

---

[1] Plaintiff also explained that it served the Renewed Motion to Defendants at two additional addresses determined by the IRS, Office of Chief Counsel to be Defendants' last known addresses. (Dean Aff., D.E. 17-4, ¶¶ 10-11.)

the United States for the unpaid balance of their joint federal income taxes for calendar years 2008 and 2009 in the amount of $42,124.87. (Compl. ¶¶ 3-4.) Plaintiff alleges that the tax liabilities incurred were assessed on June 22, 2009 and November 22, 2010. (Compl. ¶ 3.)

Likewise, on May 30, 2011, June 3, 2013, August 11, 2014, June 8, 2015, November 21, 2016, and June 5, 2017, the Secretary of the Treasury of the United States gave proper notice to Defendant Edward Hansen that he was indebted to the United States for the unpaid balance of his individual federal income taxes for calendar years 2010 and 2012-2016 in the amount of $201,414.76. (Compl. ¶¶ 7-8.) Plaintiff alleges that the tax liabilities incurred were assessed on the notice dates. (Compl. ¶ 7.)

Similarly, on or about August 18, 2008, August 30, 2010, and September 5, 2011 the Secretary of the Treasury of the United States gave proper notice to Defendant Edward Hansen for trust fund recovery penalties under 26 U.S.C. § 6672 for his willful failure to withhold, account for, and/or pay over the withholding taxes of (1) County Building, Inc. for various tax quarters from 2005 to 2006 and (2) County Erectors, Inc. for various tax quarters from 2007 to 2010 in the amount of $623,651.28. (Compl. ¶¶ 11-12.) Plaintiff alleges that the tax liabilities incurred were assessed on the notice dates.

(Compl. ¶ 11.) Accordingly, Plaintiff alleges that Defendant Edward Hansen's failure to pay these liabilities resulted in a federal tax lien pursuant to 26 U.S.C. §§ 6321-22. (Compl. ¶ 13.)

In support of its Renewed Motion, Plaintiff annexes a declaration from Sean McLaughlin ("McLaughlin"), a Revenue Officer with the Internal Revenue Service ("IRS"), to provide the balance due on the Defendants' liabilities as of March 20, 2019. (See McLaughlin Decl., D.E. 17-2.) Specifically, McLaughlin avers that as of March 20, 2019: (1) Defendants owe $40,743.24 in unpaid federal taxes for the years 2008-2009, which includes the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 3); (2) Defendant Edward Hansen owes $211,802.96 in unpaid federal tax liabilities for the years 2010 and 2012-2016 which includes the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 4), and (3) Defendant Edward Hansen owes $649,298.80 in unpaid trust fund recovery penalties for various tax periods throughout the years 2005-2010 which includes the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 5).

## DISCUSSION

### I. Liability

Federal Rule of Civil Procedure 55 sets forth a two-step process to obtain a default judgment: (1) first, "[w]hen a party

5

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default"; and (2) second, "after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the court may, on plaintiff's motion, enter a default judgment." FED. R. CIV. P. 55(a), (b)(2), and (c); United States v. Kemp, No. 15-CV-2419, 2015 WL 6620624, at *2 (E.D.N.Y. Oct. 30, 2015) (citing FED. R. CIV. P. 55(b)(2)). A defendant's default constitutes an admission of liability; thus, on a motion for default, the well-pleaded allegations in the complaint pertaining to liability are deemed true. Joe Hand Promotions, Inc. v. El Norteno Rest. Corp., No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007). Nevertheless, in determining a motion for default judgment, the Court is responsible for ensuring that the pleadings provide an appropriate basis for liability. Kemp, 2015 WL 662064, at *2.

The determination of whether to grant a default judgment is in the district court's sound discretion. Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999). The court may consider factors that include "'whether plaintiff has been substantially prejudiced by the delay involved[ ] and whether the grounds for default are clearly established or are in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting

6

10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)) (alteration in original). The Court's analysis on a motion for default is guided by factors such as: "(1) whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003).

Defendants' failure to respond to the Complaint and the Renewed Motion sufficiently demonstrates willfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007) (holding that defendants' failure to appear in the action and respond to the complaint or motion for default "indicate willful conduct"). Indeed, Defendants have failed to appear or otherwise respond despite (1) proper service of the First Default Motion to Defendant Tiffany Hansen at the Waiver Address (see Supp. Cert. Serv.), (2) proper service of the R&R to Defendants at the Waiver Address, among others (see R&R Certs. Serv.); and (3) proper service of the Renewed Motion to Defendants at the Waiver Address, among others (see Renewed Cert. Serv.). Additionally, the Court finds that the Complaint's allegations regarding Defendants' failure to make

7

payments in connection with their tax liabilities, which the Court deems admitted in light of Defendants' default, establish Defendants' liability. See Joe Hand Promotions, 2007 WL 2891016, at *2; Kemp, 2015 WL 6620624, at *2. Finally, the denial of this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, L.L.C., No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Accordingly, Plaintiff's motion for a default judgment is GRANTED.

II. Damages

While a party's default constitutes an admission of all well-pleaded allegations regarding liability, "'it is not considered an admission of damages.'" Kemp, 2015 WL 6620624, at *2 (quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992)). On a motion for default, Plaintiff bears the burden of establishing damages to a reasonable degree of certainty. See Kemp, 2015 WL 6620624, at *2. In determining the appropriate amount of damages, it is within the Court's discretion to conduct an evidentiary hearing or rely on documentary proof. United States v. Davis, No. 05-CV-4447, 2007 WL 2287889, at *2 (E.D.N.Y. Aug. 8, 2007).

Here, Plaintiff seeks (1) $40,743.24 in unpaid federal tax liabilities for the years 2008-2009 from Defendants, which takes into consideration the unpaid taxes, penalties, interest and

8

all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 3); (2) $211,802.96 in unpaid federal tax liabilities for the years 2010 and 2012-2016 from Defendant Edward Hansen, which takes into consideration the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 4), and (3) $649,298.80 in unpaid trust fund recovery penalties for various tax periods throughout the years 2005-2010 from Defendant Edward Hansen, which takes into consideration the unpaid taxes, penalties, interest and all payments, credits, abatements and accruals (McLaughlin Decl. ¶ 5).

In support of this request, Plaintiff references the McLaughlin Declaration that reflects these amounts as of March 20, 2019 an based on McLaughlin's review of the IRS Integrated Data Retrieval System ("IDRS"). (McLaughlin Decl. ¶¶ 2-6.) The IDRS stores and tracks taxpayer account information and also generates reports that provide the balance for a particular tax payer for a particular tax period. (McLaughlin Decl. ¶ 2.) The Court finds that the McLaughlin Declaration establishes damages as of March 20, 2019 with a reasonable certainty. See United States v. Silverman, No. 15-CV-0022, 2017 WL 745732, at *6 (E.D.N.Y. Feb. 3, 2017), R&R adopted, 2017 WL 744573 (E.D.N.Y. Feb. 24, 2017) (finding the Government "provided adequate support for the [tax liability] damages it seeks against" defendant where the Government submitted a declaration from an IRS

9

revenue officer who reviewed records and information in the IDRS) (collecting cases); see also United States v. Bowman, No. 16-CV-1388, 2017 WL 2610507, at *3 (N.D.N.Y. June 16, 2017).

Plaintiff further seeks interest and statutory accruals against Defendants on the unpaid tax liabilities described above from March 20, 2019. (Dean Affirmation, D.E. 17-1, ¶¶ 4-6.) Under 26 U.S.C. § 6601(a), Plaintiff is entitled to interest on the unpaid tax liabilities based on the underpayment rate set forth in 26 U.S.C. § 6621. See 26 U.S.C. § 6601(a).

CONCLUSION

For the foregoing reasons, Plaintiff's Renewed Motion for a default judgment against Defendants (D.E. 17) is GRANTED and the First Default Motion (D.E. 11) is DENIED as MOOT and Judge Lindsay's R&R (D.E. 14) is TERMINATED.

The Clerk of the Court is directed to enter judgment as follows:

(1) in favor of Plaintiff against Defendants Edward Hansen and Tiffany Hansen for the unpaid balance of their joint federal income taxes, penalties, and interest for the calendar years 2008 and 2009 in the amount of $40,743.24 plus statutory additions and interest running from March 20, 2019;

(2) in favor of Plaintiff against Defendant Edward Hansen for the balance of his unpaid individual federal income taxes, penalties, and interest for the calendar years 2010 and 2012 through 2016 in the amount of $211,802.96 plus statutory additions and interest running from March 20, 2019; and

(3) in favor of Plaintiff against Defendant Edward Hansen for the balance of his unpaid trust fund recovery penalties assessed pursuant to 26 U.S.C. § 6672 and interest for the tax periods ending December 31, 2005, March 31, 2006, June 30, 2006, September 30, 2007, December 31, 2007, December 31, 2008, June 30, 2009, September 30, 2009, December 31, 2009, March 31, 2010, June 30, 2010, and September 30, 2010, in the amount of $649,298.80 plus statutory additions and interest running from March 20, 2019.

The Clerk of Court is further directed to calculate prejudgment interest based on the underpayment rate set forth in 26 U.S.C. § 6621, which is established by adding the Federal short term rate plus three percentage points. See 26 U.S.C. § 6621(a)(2). Such interest should be compounded daily pursuant to 26 U.S.C. § 6622. The Federal short term rate is currently 1.50 percent.[2] However, the present rate is subject to change and is available for the Clerk of the Court's review and application. Upon entry of the judgment, the Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: March  13 , 2020
       Central Islip, New York

---

[2] An index of applicable Federal rates is available on the IRS website, http://apps.irs.gov/app/picklist/list/federalRates.html.